**R.C. SMALL & ASSOCIATES, INC. and Gulf Insurance Company, Appellants,**

v.

**SOUTHERN MECHANICAL, INC., Appellee.**

**No. 05–86–00720–CV.**

Court of Appeals of Texas, Dallas.

April 10, 1987.

Christian Jenkins, McKinney, for appellants.

Alan M. Glassman, Dallas, for appellee.

Before WHITHAM, BAKER and LAGARDE, JJ.

BAKER, Justice.

R.C. Small & Associates, Inc. (Small) and Gulf Insurance Company (Gulf) appeal from an adverse judgment in favor of Southern Mechanical, Inc. (Southern). Small and Gulf assert ten points of error, complaining of the trial court's failure to grant them a "directed verdict" on the ground there was no evidence to support a judgment in favor of Southern or insufficient evidence to support a judgment in favor of Southern, and further complaining of Southern's failure to comply with conditions precedent to the contract and that the trial court erred in entering judgment in favor of Southern. We overrule all of the points and affirm the trial court's judgment.

The suit was originally brought by Southern against Small and its bonding company, Gulf, to recover the balance of unpaid sums due under a written subcontract between Southern and Small. Southern, as a subcontractor to Small, was to install all plumbing, heating and air conditioning on a new police and courts building for the City of Addison, Texas. The total amount of the contract including four change orders was $147,742. Southern undertook the work required by the subcontract with Small and received regular partial payments on a timely basis from Small. Payment request number fifteen was the final request made by Southern to Small and was for $14,774.20. This unpaid sum represented the ten percent retainage required by the subcontract between Southern and Small. Small did not pay this final request and subsequently Southern perfected its bond claim against Gulf, the surety on Small's payment bond. Small then lodged certain allegations of breach by Southern and declined to pay the balance demanded. Southern then instituted suit on the contract for the unpaid balance of the retainage, interest, attorney's fees, and costs. Small and Gulf answered, denying that Southern had completed the con-

tract and asserting a cross-action for damages for cost of repairs asserted to have been made by Small.

The case was tried to the court. At the conclusion of Southern's evidentiary part of the case, Small and Gulf moved for a "directed verdict." Small and Gulf at this point in the trial initially indicated that if the court saw fit to grant their motion for directed verdict, they would withdraw their counterclaim. After a brief recess and the stipulation of attorney's fees by the parties, no further evidence was adduced by any party to the proceeding. The parties submitted the matter for determination by the court, and subsequently on June 5, 1986, the trial court signed a judgment awarding Southern all the relief it prayed for, and ordered that all other relief not expressly granted in the judgment was denied.

Small and Gulf appeal on ten points of error. Points one, three, five and seven all contend that the trial court erred in overruling the motion for directed verdict and in rendering judgment for Southern because there was no evidence demonstrating that Southern had completed all obligations and duties required of Southern under the subcontract with Small.

■ A defendant is entitled to a "directed verdict" only when reasonable minds could reach but one conclusion under the available evidence. That is, there must be no evidence to raise a fact issue regarding the failure of Southern to complete the contract as contended by Small. In our review, we must consider all of the evidence in the light most favorable to Southern, disregarding all contrary evidence and inferences. *International Armament Corp. v. King,* 686 S.W.2d 595, 597 (Tex. 1985); *Vance v. My Apartment Steak House of San Antonio, Inc.,* 677 S.W.2d 480, 483 (Tex.1984). If there is any evidence of probative value to support the trial court's judgment, we must affirm. *Garza v. Alviar,* 395 S.W.2d 821 (Tex. 1965).

■ The record reflects that Earl Wayne Shelton, an individual employed by Southern as project manager and estimator, and familiar with the project in question, testified that Southern performed the contract in a timely and proper manner, and that Southern was paid its periodic draws by Small on a timely basis, and that the contract work by Southern was completed shortly prior to April 15, 1984. Shelton further testified that the fifteenth and final draw was for unpaid retainage in the sum of 10% of the full contract balance and represented "earned money" since Southern had completed the contract. Shelton further testified that Southern was not paid in response to the final draw request and that the notification it received from Small as to why it was not paid was that the owners had not paid Small.

Southern then called Robert C. Small, president of Small, as an adverse witness. In response to interrogation by Southern's attorney, Small conceded that the sum sued for by Southern was correct and that the charge was the unpaid balance on the contract. Small also testified that his company had problems with the warranty work of Southern but that he did not have any complaints with Southern prior to the stage of warranty work. Southern's counsel then asked Small the following question: "So they [Southern] completed that contract. Your complaint is warranty problems, is that right?" To this question Small answered, "Yes." Later, when cross-examined by Small's counsel, Mr. Small then testified that work not performed was with respect to completion of the contract, not warranty work. We find that this record contains more than some evidence of probative value that Southern completed the contract. *Garza v. Alviar,* 395 S.W.2d at 823. Appellants' points of error one, three, five and seven are overruled.

■ In point two, Small and Gulf contend that the trial court erred in overruling their motion for "directed verdict" because of the insufficiency of the evidence. We do not agree. A trial court may not grant a judgment on a motion for directed verdict based upon the insufficiency of the evidence. Such motion may be granted and judgment rendered only if there is no evi-

dence of probative evidence to support the jury's findings. *Wilfin, Inc. v. Williams,* 615 S.W.2d 242, 243 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). Appellants' point of error number two is overruled.

Appellants' points of error numbered four, six and eight complain of the trial court's error in rendering judgment for Southern because there was insufficient evidence to support the court's finding that Southern fully performed its contract or that there was insufficient evidence demonstrating that Southern complied with the condition precedent to fully complete and perform the work in accordance with the contract documents. In determining a challenge to findings by "insufficient evidence" points, this Court must consider and weigh all of the evidence, including any evidence contrary to the trial court's judgment. *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1952). Since this case was tried by the court without a jury, the judge was the trier of the facts and it was his duty to decide the issues of fact on the evidence and the court was not bound to adopt a party's contention as to the weight of the evidence. It was the court's right and duty to weigh the evidence, and to draw inferences and reasonable deductions therefrom. Further, it was the court's duty to determine the credibility of the witnesses and the weight to be given their testimony in exactly the same manner that a jury would have done. The court had the power to believe or disbelieve all or part of a witness's testimony. *Hood v. Texas Indemnity Insurance Co.,* 146 Tex. 522, 209 S.W.2d 345, 346 (1948); *McDaniel v. Carruth,* 637 S.W.2d 498, 504 (Tex.App. —Corpus Christi 1982, no writ); *Richardson v. Raby,* 376 S.W.2d 422, 426 (Tex.Civ. App.—Tyler 1964, no writ).

This Court may not substitute its judgment for that of the trial court if the challenged judgment is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *Roy E. Thomas Construction Co. v. Arbs,* 692 S.W.2d 926, 931 (Tex.App. —Fort Worth), *writ ref'd n.r.e., per curiam,* 700 S.W.2d 919 (Tex.1985). After a review of all of the evidence in the record and applying the foregoing standard, we find that there is evidence of a substantial and probative character to support the trial court's findings and judgment. Accordingly, they are controlling upon this Court and will not be disturbed. *Richardson v. Raby,* 376 S.W.2d at 426. Appellants' points numbered four, six and eight are overruled.

In points nine and ten, appellants argue that there was no evidence or, alternatively, insufficient evidence that the work was approved by, and performed satisfactorily, to the architect; and since this condition precedent was not met, Small was not obligated to make any additional payments to Southern. Appellants contend that the requirement of the architect's certificate as a prerequisite for payment is a condition precedent and the fact that Southern failed to secure such a certificate relieves Small from the obligation to make the final payment due under the contract. Small and Gulf rely on *Delhi Pipeline Corp. v. Lewis, Inc.,* 408 S.W.2d 295 (Tex.Civ.App.—Corpus Christi 1966, no writ); *Atlas Torpedo Co. v. United States Torpedo Co.,* 15 S.W.2d 150 (Tex.Civ.App.—Amarillo 1929, no writ); and *Llano Granite & Marble Co. v. Hollinger,* 148 S.W. 336 (Tex.Civ.App.— Galveston 1912, no writ). Appellee, to the contrary, contends that the provisions relative to the architect's approval are not conditions precedent but merely covenants affecting the time of payment. Southern relies on *Gulf Construction Co. v. Self,* 676 S.W.2d 624 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Resolution of these two issues depends on the construction of the language of paragraph 6 of the subcontract and paragraph 12 of the general conditions to the subcontract. The question is whether those clauses constitute a condition precedent to Small's obligation to pay the balance owed to Southern, or whether they constitute merely a covenant dealing with the "terms of payment" or "manner of payment."

Conditions precedent to an obligation to perform are those acts or events which occur subsequently to the making of the contract that must occur before there is a right to immediate performance and before there is a breach of contractual duty. *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1 (Tex.1976). It is the duty of the court, in determining the meaning and intent of a contract, to look at the entire instrument, and all of its provisions must be construed and considered together. Where the intent of the parties is doubtful or where a condition would impose an absurd or impossible result, then the agreement should be interpreted as creating a covenant rather than a condition. *Hohenberg Bros. Co.*, 537 S.W.2d at 3.

Article 6.1 provides that:

the unpaid balance of the contract sum shall be due when the work described in the subcontract is fully completed and performed in accordance with the contract documents and is satisfactory to the architect, and shall be payable as follows, in accordance with article 5 and with paragraph 12.4 of this subcontract: following inspection and approval of the stated work by the architect and owner, final payment shall be made within seven (7) days after owner pays contractor.

Article 12.4.3 of the general condition provides that:

if the architect does not issue a certificate for payment or the contractor does not receive payment for any cause which is not the fault of the subcontractor, the contractor shall pay the subcontractor upon demand a progress payment computed as provided in subparagraph 12.4.1 or the final payment as provided in article 6.

Our research leads us to the conclusion that the appellants' reliance on *Delhi, Atlas*, and *Llano* is misplaced. Early in this state's jurisprudence, our supreme court held that similar language in a contract, with regard to the production of the architect's certificate as a prerequisite to the right for collection of the balance, cannot be held to relate to or defeat the subcontractor's right to recover damages for breach of the contract. *Linch v. Paris Lumber & Grain Elevator Co.*, 80 Tex. 23, 15 S.W. 208, 213 (1891). The language of the subcontract and the general conditions in this case lack the essential elements of an agreement that the architect would be the final arbiter to settle differences that might arise upon the question of whether the work had been completed according to the terms of the contract; and in the absence of such agreement, the individual opinion of the architect is not a condition precedent to the right of Southern to recover the balance on the contract. *Longview Construction and Development, Inc. v. Loggins Construction Co.*, 523 S.W.2d 771, 777 (Tex.Civ.App.—Tyler 1975, writ dism'd by agr.), and *Olson v. Burton*, 141 S.W. 549, 551 (Tex.Civ.App.—Fort Worth 1911, no writ). Appellants' points of error nine and ten are overruled.

The trial court's judgment is affirmed.