Daniel K. TREVINO, Jr. and First
Equitable Title Co., Inc.,
Appellants,

v.

BROOKHILL CAPITAL RESOURCES,
INC. and Northeast Houston
Properties, Appellees.

No. 01–88–00424–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 30, 1989.

Rehearing Denied Jan. 18, 1990.

Brent C. Gamble, Houston, for appellants.

Charles J. Jacobus, Jacobus, Boltz & Melamed, Houston, for appellees.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a suit arising out of an escrow account dispute. Appellees Brookhill Capital Resources, Inc. ("Brookhill") and Northeast Houston Properties ("Northeast") retained the Law Offices of Daniel K. Trevino, Jr., P.C. to remove a mechanic's and materialman's lien on their property filed by Ram Associates, Inc. ("Ram"). Trevino, Jr. was also retained to represent appellees in foreclosure proceedings filed by the Federal Home Loan Mortgage Corp. ("FHLMC") and Republic of Texas Savings Association ("Republic") that were triggered by the lien.

First Equitable Title Company, Inc. ("FETCO"), by its vice-president, Daniel K. Trevino III (appellant Trevino, Jr. was FETCO's chairman of the board), entered into an "Escrow Agreement" with the FHLMC, Republic, and Brookhill, whereby FETCO agreed to pay sums deposited by Brookhill, up to $26,000, to Ram to satisfy the lien and forestall the default proceedings initiated by the lenders. Appellees subsequently substituted Michael C. Boltz as counsel, and the Ram lawsuit was settled for $1,900.

After the substitution of counsel, Trevino, Jr. sent a letter to FETCO demanding that legal fees in the amount of $7,127.60 be paid to him out of the escrow account,

and attached a statement of services rendered. FETCO sent Northeast and Brookhill an itemized accounting of the escrow account, subtracting $1,900 for settlement of the Ram suit, $7,127.60 for services rendered by the Law Offices of Daniel K. Trevino, Jr., and a fee of $4,000 for services rendered by FETCO. FETCO included a check for the balance, $13,027.60, made payable to Brookhill, Northeast, and their attorney, Boltz. The back of the check included the following condition, "Endorsement herewith constitutes a full and final release of all claims against First Equitable Title Company, Inc." This language was crossed out by Boltz, who endorsed the check, and underneath his signature typed:

> Accepted in partial payment of the monies held in escrow by First Equitable Title under protest and without prejudice to any and all rights to collect the balance due in escrow plus interest and with full reservation of our rights to assert claims for the amounts remaining due.

Boltz then deposited the check.

Appellees sued Trevino, Jr. individually, the Law Offices of Daniel K. Trevino, Jr., P.C., and FETCO, alleging that Trevino is the alter ego of the corporations, and that Trevino continued to represent Pulver, the owner who sold the property to Brookhill, an interested party to the law suit, and bonded the lien through his alter ego, FETCO. Appellees further alleged Trevino, Jr. breached an implied contract and fiduciary duty by conspiring to advance his own interests at the expense of appellees. Appellees also sought damages for negligent performance of contractual duties. Appellees contend appellant did not effectively represent appellees, and refused to turn the file over to new counsel until threatened with judicial intervention. Appellees also pled for relief under the Deceptive Trade Practices–Consumer Protection Act,[1] punitive damages, and attorney's fees.

After submitting the case to the jury in 19 special issues, the trial court rendered judgment against Trevino, individually, and FETCO. The judgment recited that Brookhill and Northeast shall "have and recover the sum of $16,000, $7,000 of which DANIEL K. TREVINO, JR. is jointly and severally liable with FETCO to Plaintiff...." The court ordered Trevino to pay $16,000 as exemplary damages, and Trevino and FETCO were jointly and severally liable to pay $10,000 in attorney's fees.

■ In their first four points of error, appellants argue the trial court erred by refusing to hold that the endorsement of the check tendered by FETCO constituted full satisfaction of the disputed amount owed. This Court has previously held that alteration of a debtor's condition from the face of a check is insufficient to defeat the common law rule of accord and satisfaction. *Pileco, Inc. v. HCI, Inc.*, 735 S.W.2d 561, 562 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Nor may the creditor insert a provision on the instrument that it is accepted only as part payment and without prejudice to his claim for the full payment of the balance. *Hixson v. Cox*, 633 S.W.2d 330 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). "The creditor must repudiate the transaction in toto and return the tendered draft." *Pileco*, 735 S.W.2d at 562 (citing *Stetson–Preston Co. v. H.S. Dodson & Co.*, 103 S.W. 685 (Tex.Civ.App. 1907, no writ)).

■ Appellees argue that accord and satisfaction is not applicable because FETCO had a fiduciary relationship with appellees. We agree. An escrow agent owes a fiduciary duty to both parties to a contract. *Capital Title Co., Inc. v. Donaldson*, 739 S.W.2d 384, 389 (Tex.App.—Houston [1st Dist.] 1987, no writ). This fiduciary duty consists of: (1) the duty of loyalty; (2) the duty to make full disclosure; and (3) the duty to exercise a high degree of care to conserve the money and pay it only to those persons entitled to receive it. *City of Fort Worth v. Pippen*, 439 S.W.2d 660 (Tex.1969). Although the law encourages settlement, it is well settled that a fiduciary must act with utmost good faith and avoid any act of self-dealing that places his personal interest in conflict with his obligations to the beneficiaries. *Slay v. Bur-*

---

1. Tex.Bus. & Com.Code secs. 17.41–17.63 (Vernon 1987).

*nett Trust*, 143 Tex. 621, 639–40, 187 S.W.2d 377, 387–88 (1945). FETCO's breach of its fiduciary duty to Brookhill supersedes its defense of accord and satisfaction. *Thywissen v. Cron*, 781 S.W.2d 682 (Tex.App.—Houston [1st Dist.], 1989, n.w.h.). The escrow agreement stated that FETCO was authorized to pay out the balance of the funds, after settlement of the claim, to Brookhill, and that FETCO would be *held* harmless for any acts except for gross negligence or failure to disburse funds pursuant to the agreement. Brookhill agreed to pay FETCO a reasonable fee for services rendered as escrow agent upon presentation of a detailed statement. Under the common law of Texas, and the express terms of the agreement, FETCO breached its fiduciary duty to Brookhill when it paid Trevino's attorney's fee out of the escrow account without the depositor's permission.

Appellants' first four points of error are overruled.

In their fifth point of error, appellants contend that the trial court erred in failing to grant their motion to disregard jury findings on special issues five through 12. Appellants contend that these jury findings are in fatal conflict with the jury's answer to special issue number one, which is reproduced below:

### Special Issue No. 1

Do you find from a preponderance of the evidence that there was a breach of the employment agreement by Trevino?

Answer: *No*

Jury answers five and six found Trevino was negligent and that this negligence was the proximate cause of Brookhill's damages. Jury answers to questions seven, eight and nine addressed appellees' cause of action under the DTPA, finding misrepresentations made by Trevino were the producing cause of Brookhill's damages. Jury answer 10 found Trevino's conduct was unconscionable, knowingly committed, and a producing cause of Brookhill's damages. Answer 11 found Trevino liable for $7,000 in damages to Brookhill, and, in answer 12,

$16,000 in exemplary damages. Trevino argues that the jury finding that he did not breach his employment contract for legal services with Brookhill is in fatal conflict with the findings of negligence and knowing misrepresentation. We disagree.

The test to determine if a conflict between jury questions is irreconcilable is, whether one answer would establish a cause of action while the other answer would destroy it. *Woodyard v. Hunt*, 695 S.W.2d 730, 732 (Tex.App.—Houston [1st Dist.] 1985, no writ). The ultimate question is whether the conflict is fatal to the entry of judgment. *Id.* The trial court has a duty to reconcile conflicting jury findings. *Huber v. Ryan*, 627 S.W.2d 145 (Tex. 1981). The jury finding that Trevino did not breach the employment agreement to represent Brookhill in its suit against Ram does not exonerate him for the misrepresentations regarding the escrow agreement and the negligent handling of the disbursement of the title company trust funds. The jury answers finding him liable to Brookhill for actual and exemplary damages are not in conflict with the answer to question one.

Appellants' fifth point of error is overruled.

In its sixth and seventh points of error FETCO argues the trial court erred in overruling its objection to special issues three and four because these issues did not instruct or apprise the jury of the standards of liability for gross negligence under the escrow agreement. FETCO further argues that special issues five and six do not use a definition of gross negligence, as required under the terms of the escrow agreement, but only simple negligence. The complained of issues are reproduced below.

### SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that there was a breach of the escrow agreement by FETCO?

Answer: Yes

### SPECIAL ISSUE NO. 4

What amount of money, if any, would compensate Brookhill Capital Resources,

Inc. for the benefits lost as a result of the breached escrow agreement?

Answer: $16,000.00

## SPECIAL ISSUE NO. 5

"NEGLIGENCE," with reference to the conduct of Trevino and FETCO, means the failure to use ordinary care; that is, failure to do that which an attorney and escrow agent, respectively, of ordinary prudence would have done under the same of [sic] similar circumstances or doing that which an attorney or escrow agent of ordinary prudence would not have done under the same or similar circumstances.

"ORDINARY CARE," with reference to the conduct of Trevino and FETCO, means that degree of care that an attorney and escrow agent, respectively, of ordinary prudence would use under the same or similar circumstances.

Do you find from a preponderance of evidence regarding the occurrence in question that the following were negligent?

Answer "Yes" or "No"

A. Trevino <u>yes</u>

B. FETCO <u>yes</u>

## SPECIAL ISSUE NO. 6

Do you find from a preponderance of the evidence that such negligence is the proximate cause of damage to Brookhill Capital Resources, Inc.

Answer "Yes" or "No"

A. Trevino <u>yes</u>

B. FETCO <u>yes</u>

Only answer Issue No. 6 for those parties that you answered "Yes" to in Issue No. 5.

 As we have discussed above, the escrow agreement exonerated FETCO for acts committed under the agreement, except for gross negligence *or* failure to disburse the deposited funds as directed. Error in the jury charge is reversible only if, when viewed in the totality of the circumstances, it amounted to a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment. *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex.1986); *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 815 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); Tex.R.App.P. 81(b)(1). The agreement provided that FETCO would be liable only for gross negligence *or* failure to disburse funds in accordance with the agreement. The evidence supports a finding that FETCO did not disburse the deposited funds according to the terms of the agreement. The jury found FETCO breached the escrow agreement. The trial judge, in rendering judgment upon a special issue verdict, must construe such verdict as a whole in light of the pleadings and the evidence. *Stadler v. Bowen*, 373 S.W.2d 824, 828 (Tex.Civ.App.—Dallas 1964, writ ref'd n.r.e.). The evidence and jury finding support the court's judgment.

Appellants' sixth and seventh points of error are overruled.

 In the eighth point of error, Trevino, Jr. argues the trial court erred in holding him personally liable because the jury's answer to special issue number one found he had not breached the employment agreement, and the jury did not make a finding that FETCO was Trevino's alter ego. We have already discussed Trevino's argument that the answer to special issue one is in fatal conflict with other answers. We disagree with Trevino's assertion that he may be held personally liable only by piercing FETCO's corporate shield. The jury findings that Trevino was negligent, misrepresented his services, and unconscionably and knowingly committed these acts, which were the producing cause of a portion of Brookhill's damages, are sufficient to sustain the trial court's judgment. *Stadler*, 373 S.W.2d at 824.

Appellant's eighth point of error is overruled.

The judgment of the trial court is affirmed.