145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry M. SIEGEL; Selwyn Gerber, Plaintiffs-Appellants,
v.
THE FEDERAL HOME LOAN MORTGAGE CORPORATION; J.I. Kislak
Mortgage Corporation; Gunther Torriani; Carolyn
Paz, Defendants-Appellees.
 No. 97-55174.
D.C. No. CV-94-06865-JMI.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1998.
Decided May 5, 1998.
 
 Appeal from the United States District Court for the Central District of California, James M. Ideman, District Judge, Presiding.
 MEMORANDUM*
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 Selwyn Gerber appeals the district court's grant of summary judgment in favor of Federal Home Loan Mortgage Corp. ("Freddie Mac") and Kislak Mortgage Corporation ("Kislak") in his tort and breach of contract action regarding the foreclosure of two properties referred to as the "Windbell property" and the "Dalton Place property."[1]
 
 A. Windbell
 
 2
 The district court found that Gerber's Windbell property claims were barred because they should have been raised as counterclaims in Freddie Mac's deficiency action brought in federal district court in Texas. See Fed.R.Civ.P. 13(a). We agree. In fact, at oral argument Gerber conceded the point.
 
 B. Dalton Place
 
 3
 Gerber also argues that the district court erred in granting summary judgment on his remaining Dalton Place property claims against Freddie Mac because he raised contested issues of genuine and material fact. We disagree.
 
 
 4
 First, Gerber argues that the district court erred in assessing whether Freddie Mac's conduct in rejecting potential buyers of the Dalton Place property was subjectively reasonable. It is true that under Texas law,[2] a satisfaction provision in a contract is sometimes judged under an objective reasonableness standard when one party's complete performance of a construction contract is subject to another party's satisfaction. See Black Lake Pipe Line Co. v. Union Constr. Co., Inc., 538 S.W.2d 80, 89 (Tex.1976), overruled on other grounds by, Sterner v. Marathon Oil Co., 767 S.W.2d 686 (Tex.1989); Watkins v. Williamson, 869 S.W.2d 383, 385 (Tex.Ct.App.1993); Cotten v. Deasey, 766 S.W.2d 874, 878 (Tex.Ct .App.1989). However, the present suit is not a construction contract case.[3] it is like the Texas cases outside the construction area which apply a subjective good faith standard in interpreting satisfaction conditions in contracts. See, e.g. Walner v. Baskin-Robbins Ice Cream Co., 514 F.Supp. 1028, 1031 (N.D.Tex.1981); Watkins, 869 S.W.2d at 385; Cotten, 766 S.W.2d at 878; Kree Inst. of Electrolysis, Inc. v. Fageros, 478 S.W.2d 569, 572 (Tex.Ct.App.1972). As he concedes, Gerber did not present evidence of a lack of subjective good faith. The district court did not err.
 
 
 5
 Gerber also appeals the district court's dismissal of his breach of fiduciary duty claim. He admits that under California law a lender does not routinely owe a fiduciary duty to a borrower, but argues that where a lender asserts a high degree of control over the borrower's operations or management, such a fiduciary relationship exists. See Kim v. Sumitomo Bank, 17 Cal.App.4th 974, 979-80, 21 Cal.Rptr.2d 834, 837 (1993); see also Peterson Dev. Co., Inc. v. Torrey Pines Bank, 233 Cal.App.3d 103, 119, 284 Cal.Rptr. 367, 377 (1991); Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476, 261 Cal.Rptr. 735, 740 (1989). However, Gerber offered no evidence suggesting that Freddie Mac exercised that level of control. See Pierce v. Lyman, 1 Cal.App.4th 1093, 1101, 3 Cal.Rptr.2d 236, 240 (1991).
 
 
 6
 Finally, Gerber argues that the district court erred in dismissing his tort claims based on Freddie Mac's interference with his contractual relations, and prospective economic advantages. Gerber's claims of interference are based on Freddie Mac's refusal to allow Gerber to transfer his interest in the Dalton Place property to certain proposed buyers. But he has not shown any wrongful conduct on Freddie Mac's part, which he must do. See Hamro v. Shell Oil Co., 674 F.2d 784, 789-90 (9th Cir.1982); Banks v. Dominican College, 35 Cal.App.4th 1545, 1553, 42 Cal.Rptr.2d 110, 116 (1995); Rickel v. Schwinn Bicycle Co., 144 Cal.App.3d 648, 661-62, 192 Cal.Rptr. 732, 740-41 (1983).
 
 C. Summary Judgment as to Kislak[4]
 
 7
 In its final order dismissing all of Gerber's Dalton Place property claims, the district court also sua sponte entered summary judgment in favor of Kislak on Gerber's claims. Gerber argues that the district court's sua sponte judgment was inappropriate because Kislak presented no evidence suggesting that it was entitled to summary judgment. We disagree because the pleadings and proceedings in this case show that the claims against Kislak must fall along with those against Freddie Mac. See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802-03 (9th Cir.1995); see also Silverton v. Department of Treasury, 644 F.2d 1341, 1345 (9th Cir.1981). The district court did not err.
 
 
 8
 D. Summary Judgment on Freddie Mac's Counterclaim
 
 
 9
 Gerber also appeals the district court's grant of summary judgment on Freddie Mac's counterclaim against him for a deficiency on the Dalton Place property. Gerber argues that the district court's grant of summary judgment was erroneous because Freddie Mac failed to establish the necessary elements of a deficiency action under Texas law. This claim is without merit, and the district court's grant of summary judgment on Freddie Mac's counterclaim is affirmed.[5]
 
 E. Attorney's Fees on Appeal
 
 10
 Freddie Mac requests attorney's fees on appeal pursuant to the underlying deeds of trust. Gerber concedes that to the extent Freddie Mac prevails on the merits it is entitled to attorney's fees. Thus, we award attorney's fees to Freddie Mac, and remand to the district court for its consideration and determination of the amount. Cf. 9th Cir. Rule 39-1.8.
 
 
 11
 AFFIRMED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Larry M. Siegel also appealed. We dispose of the issues raised by him in a separate opinion
 
 
 [2]
 The parties agree that under a choice-of-law provision in the original loan transactions, the law of Texas applies to all claims to enforce the contract
 
 
 [3]
 Perhaps the rule can be applied outside of the construction area, but language which suggests that appears in cases which did not apply it. See Lynx Exploration and Prod. Co. v. 4-Sight Overating Co., Inc., 891 S.W.2d 785, 787 (Tex.Ct.App.1995); Watkins, 869 S.W.2d at 385-86
 
 
 [4]
 The district court entered summary judgment sua sponte on Gerber's remaining claims against Kislak, Carolyn Paz, and Gunther Torriani. Although Paz and Torriani join Kislak in its response brief, Gerber's opening brief makes clear that he appeals the district court's grant of summary judgment only with respect to Kislak. As such, we affirm the district court's sua sponte grant of summary judgment in favor of Paz and Torriani
 
 
 [5]
 Gerber's complaint that the district court erroneously determined the fair market value of the Dalton Place property by using the foreclosure sale price ignores Texas law and his own failure to provide the district court with other evidence of fair market value. See Tex.Prop.Code § 51.003(c)
 Gerber also argues that summary judgment was inappropriate because Freddie Mac failed to present evidence that Gerber was given an opportunity to cure his default. This claim is without merit because there was evidence before the district court establishing that Gerber was given an opportunity to cure his default on the Dalton Place property and none to the contrary.