

# NUMBER 13-13-00039-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALICE DONAHUE,                                                                          Appellant,

v.

FIRST AMERICAN
TITLE COMPANY,                                                                          Appellee.

## On appeal from the County Court at Law No. 3
## of Cameron County, Texas.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Benavides and Longoria
## Memorandum Opinion by Chief Justice Valdez

Appellant, Alice Donahue, appeals from the trial court's summary judgment in favor of appellee, First American Title Company. By one issue, Donahue contends that a fact issue remains regarding her claim that appellee owed a duty to pay her a commission. We affirm.

## I. BACKGROUND

Donahue served as a real estate agent for the sale of a condominium by Sapphire, VP, LP to Macualay and Celia Ojeaga. Donahue's commission in the sale was $36,000. The contract for the sale between Sapphire and the Ojeagas states that Donahue is not a party to the sales contract. Before closing on the condominium in this case, Sapphire determined that it had paid Donahue a one percent commission for the sale of condominiums which were never sold. Pursuant to the contract Donahue had with Sapphire, she was not entitled to the commission unless the buyer completed the purchase. Sapphire instructed appellee, its escrow agent for the sale, not to give Donahue the $36,000 commission and to instead return the money to Sapphire and give Donahue a "credit" for payment to Sapphire. Appellee complied with Sapphire's instructions.

Donahue filed suit against appellee for breach of fiduciary duty, statutory breach pursuant to a sections 2651.157 and 2702.053 of the Texas Insurance Code, and tortious interference with a contract. *See* TEX. INS. CODE ANN. §§ 2651.157 (explaining that a title insurance agent's license may be revoked if it fails to furnish an audit report in a timely fashion or if the agent "furnishes an audit report that reveals any irregularity, including a shortage, or any practice not in keeping with sound, honest business practices"), 2702.053 (West 2009).[1] Donahue sought return of the $36,000 plus interest

---

[1] Section 2702.053 states:

§ 2702.053. Content of Closing and Settlement Statement

(a) Each closing and settlement statement provided to a party to a transaction described by Section 2702.052(a) must state the name of any person receiving any amount from that party.

(b) Notwithstanding Subsection (a), the title insurance company or title insurance agent is required to include in the closing and settlement statement only those items of disbursement that are

and court costs. Donahue also sought punitive damages in the amount of $324,000. Appellee filed a traditional motion for summary judgment or in the alternative, a plea in abatement. Donahue did not file a response to appellee's motion for summary judgment or plea in abatement. The trial court granted summary judgment to appellee and ordered a take-nothing judgment for Donahue. This appeal followed.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

In a traditional motion for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a; *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). If the movant's motion and summary judgment proof facially establish a right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.); *HBO, A Div. of Time Warner Entm't Co., L.P. v. Harrison*, 983 S.W.2d 31, 35 (Tex. App.—Houston [14th Dist.] 1998, no pet.). In deciding whether

---

actually disbursed by the company or agent.

(c) If an attorney, other than a full-time employee of the title insurance company or title insurance agent, examines a title or provides any closing or settlement services, the closing and settlement statement must include:

(1) the amount of the fee for the services, shown as included in the premium; and

(2) the name of the attorney or, if applicable, the name of the firm to which the fee was paid.

(d) The closing and settlement statement must conspicuously and clearly itemize the charges imposed on the party in connection with the closing and settlement.

(e) If a charge for title insurance is made to the party, the closing and settlement statement must state whether the title insurance premium included in the charge covers the mortgagee's interest in the real property, the borrower's interest, or both.

TEX. INS. CODE ANN. § 2702.053 (West 2009).

a disputed material fact issue precludes summary judgment, we resolve every reasonable inference in favor of the non-movant and take all evidence favorable to it as true. *See Nixon*, 690 S.W.2d at 548–49; *Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

A defendant seeking a traditional motion for summary judgment must either disprove at least one element of each of the plaintiff's causes of action or plead and conclusively establish each essential element of any affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Sanchez v. Matagorda County*, 124 S.W.3d 350, 352 (Tex. App.—Corpus Christi 2003, no pet.). We review the granting of a traditional motion for summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). When, as in this case, the trial court does not state the grounds upon which summary judgment was granted, we must affirm the judgment if any of the grounds advanced in the motion for summary judgment are meritorious. *Branton*, 100 S.W.3d at 647 (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)).

### III. DISCUSSION

Appellee stated it was entitled to summary judgment based on the following: (1) "As a matter of law, the Plaintiff was NOT a party to the Condominium Purchase Contract in question. The contract language itself is clear. As a matter of law, the Plaintiff's allegations based on contract and fiduciary duty fail as a matter of law"; and (2) "In addition, the summary judgment evidence reflects that Plaintiff received full credit from Sapphire VP, LP for the $36,000 she was to receive for commissions from the

4

transaction (See Exhibit 'B'). Therefore, as a matter of law, Plaintiff cannot prove any loss or damage as a result of this transaction. Plaintiff's claims for damage resulting from this Defendant's closing of this transaction fail as a matter of law."

First, appellee claimed that because Donahue was not a party to the "Condominium Purchase Contract in question," her allegations based on contract and fiduciary duty fail as a matter of law. "An escrow agent owes a fiduciary duty to both parties, seller and buyer, to the underlying contract." *Watkins v. Williamson*, 869 S.W.2d 383, 387 (Tex. App.—Dallas 1993, no writ). The three elements of this fiduciary duty are a duty of loyalty, a duty to make full disclosure, and a duty to exercise a high degree of care to conserve the money and pay it only to those persons entitled to receive it. *Id.* In this case, the summary judgment evidence conclusively showed that Donahue was not a party to the sales contract between Sapphire and the Ojeagas. Thus, appellee only owed a fiduciary duty to Sapphire and the buyers in this case.[2] Because Donahue was not a party to the sales contract, appellee did not owe Donahue a fiduciary duty. Therefore, the trial court properly granted summary judgment to appellee on Donahue's breach of fiduciary claim.

Donahue also claimed that appellee breached its duty pursuant to sections 2651.157 and 2702.053 of the Texas Insurance Code. On appeal, Donahue explains that pursuant to those sections, appellee had a duty to the "escrow parties." Donahue states that appellee did not allegedly get the consent "of all escrow parties before undertaking" an action she claims was "contrary" to the sales contract between

---

[2] We note that the fiduciary duty to Sapphire included a duty to pay the money at closing only to those persons entitled to receive it, and Sapphire told appellee that Donahue was not entitled to receive the commission.

5

Sapphire and the Ojeagas. However, as stated above, Donahue was not a party to the sales contract. Therefore, we conclude that because there is no evidence under these facts that appellee owed Donahue a duty, the summary judgment was also properly granted as to section 2651.157 and section 2702.053 claims.

Moreover, it is well established that when a trial court grants summary judgment, but its order does not provide the trial court's reasoning, the appellant must negate each independent ground asserted in support of the summary judgment. *Humane Society v. The Dallas Morning News L.P.*, 180 S.W.3d 921, 923 (Tex. App.—Dallas 2005, no pet.) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)); *see also Hough v. Brownsville Winter Haven Prop. Owners Ass'n*, No. 13-06-0686-CV, 2007 Tex. App. LEXIS 7200, at *8 (Tex. App.—Corpus Christi Aug. 31, 2007, pet. denied) (mem. op). And, if the appellant fails to challenge one of the grounds for summary judgment, the judgment may be affirmed on that ground alone. *Humane Society*, 180 S.W.3d at 923; *see also Hough*, 2007 Tex. App. LEXIS 7200, at *8. Here, the trial court did not state the reason for granting summary judgment in favor of appellee. Therefore, in order to succeed on appeal, Donahue is required to challenge all possible grounds stated in appellee's motion for summary judgment. However, on appeal, Donahue has not challenged appellee's summary judgment claim that she is unable to prove any loss or damage because the summary judgment evidence proves that she received a credit for $36,000. Accordingly, we affirm the trial court's summary judgment on that ground. *See Holloway v. Skinner*, 898 S.W.2d 793, 795–96 (Tex. 1995) (explaining that in order to prevail on a claim of tortious interference with a contract, the plaintiff has the burden to prove that she incurred actual damages). We overrule Donahue's sole issue.

6

## IV. Conclusion

We affirm the trial court's summary judgment.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
1st day of August, 2013.