**HUMANE SOCIETY OF DALLAS, Appellant,**

v.

**DALLAS MORNING NEWS, L.P. and Steve Blow, Appellees.**

No. 05–05–00036–CV.

Court of Appeals of Texas, Dallas.

Dec. 13, 2005.

Rehearing Overruled Jan. 17, 2006.

Susan Barilich, Dallas, for appellant.

Paul C. Watler, Jenkens & Gilchrist, P.C., Dallas, for appellee.

Before Justices WHITTINGTON, WRIGHT, and MAZZANT.

## OPINION

Opinion by Justice WRIGHT.

The Humane Society of Dallas appeals the summary judgment granted in favor of the Dallas Morning News, L.P. and Steve Blow. In four issues, appellant contends (1) the trial court erred by granting appellees' objections to certain summary judgment evidence; (2) the trial court erred by denying appellant's objections to certain summary judgment evidence; (3) fact issues preclude summary judgment on appellees' defenses for defamation; and (4) appellant presented sufficient summary judgment evidence to create a fact issue on its business disparagement and tortious interference claims. We affirm the trial court's judgment.

### Factual and Procedural Background

Appellant sued appellees for defamation after Blow wrote a column published by the Dallas Morning News about a family's experience after discovering the family's lost dog at an adoption event sponsored by appellant. Appellees filed a motion for summary judgment claiming they were entitled to judgment as a matter of law on appellant's defamation claim because: (1) the column was not defamatory; (2) the column was an opinion protected by the Texas and United States Constitutions; (3) the column was fair comment and criticism protected by Texas statute; (4) the column was true or substantially true; and (5) appellant was a public figure and appellees had negated actual malice. After appellant amended its petition adding claims for statutory libel, business disparagement, and tortious interference with prospective commercial relationships, appellees filed a supplemental motion for summary judgment claiming they were entitled to judgment as a matter of law on appellant's additional claims because the column was true, was privileged, and was published without malice. Appellees also asserted, "in the event the trial court denied summary judgment on the elements of falsity, malice and privilege," that there was no evidence of the elements of appellant's tortious interference claim and the special damage element of the business disparagement claim.

Appellant responded to appellees' motions, claiming: (1) material statements in the column were false; (2) Blow was malicious; (3) the column was not protected opinion because many statements in it were expressed as facts; (4) appellant is not a public figure; and (5) its summary judgment evidence was sufficient to create fact issues regarding malice, each element of the business disparagement claim, and special damages.

After considering the motions, the summary judgment evidence, the objections to summary judgment evidence, and the argument of counsel, the trial court sustained appellees' objections to appellant's summary judgment evidence, denied appellant's objections to appellees' summary judgment evidence, and granted appellees' motions. The trial court did not specify a basis for its ruling on the motions for summary judgment. This appeal followed.

## Discussion

■ The standards for reviewing summary judgments are well established. *W. Inv., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex.2005). When, as here, the trial court does not specify the basis for its ruling, it is the appellant's burden on appeal to show that each of the independent grounds asserted in support of summary judgment is insufficient to support the judgment. *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995); *Caldwell v. Curioni,* 125 S.W.3d 784, 789 (Tex.App.-Dallas 2004, pet. denied); *Cullen Frost Bank v. Commonwealth Lloyd's Ins. Co.,* 852 S.W.2d 252, 256 (Tex.App.-Dallas 1993), *writ denied per curiam,* 889 S.W.2d 266 (Tex. 1994). If the appellant does not challenge one of the grounds for summary judgment, the judgment may be affirmed on that ground alone. *Star–Telegram, Inc.,* 915 S.W.2d at 473; *Jones v. Hyman,* 107 S.W.3d 830, 832 (Tex.App.-Dallas 2003, no pet.); *Holloway v. Starnes,* 840 S.W.2d 14, 23 (Tex.App.-Dallas 1992, writ denied).

■ Appellant does not contend, either in its response to summary judgment, in its brief, or in its reply brief, that the column was not fair comment and criticism protected by section 73.002(b)(2) of the Texas Civil Practices and Remedies Code. Section 73.002(b)(2) affords a privilege to the publication in a newspaper of a fair, true, and impartial account of a "reasonable and fair comment on or criticism of ... [a] matter of public concern published for general information." Tex. Civ. Prac. & Rem.Code Ann. § 73.002 (Vernon 2005). Although appellant briefed the issue of the truth of the article extensively, the briefing was only in the context of state and federal constitutional protection for statements that are true or substantially true. In its brief, appellant did not address or discuss in any way appellees' ground that appellees are not liable for publication of the article because pursuant to Texas statute, the column was privileged as a fair comment or criticism on a matter of public concern. Even after appellees argued in their brief that the summary judgment should be affirmed because appellant had failed to address this ground, appellant did not address or discuss the privilege in its reply brief. Nor did appellant challenge, within the context of the fair comment or criticism privilege, appellees' assertion that because the column was true, privileged and published without fault, appellant's claims for statutory libel, business disparagement, and tortious interference with prospective commercial relationships claims must likewise fail.

Appellant was entitled to present argument on all grounds upon which it contends summary judgment was improper. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). However, appellant has not done so. Appellant's failure to take advantage of the opportunity to present argument on this ground results in waiver. *See Morriss v. Enron Oil & Gas Co.,* 948 S.W.2d 858, 871 (Tex.App.-San Antonio 1997, no writ). Because summary judgment may have been granted, properly or improperly, on a ground not challenged by appellant, we affirm the summary judgment with respect to appellant's defamation claim. *See Holloway,* 840 S.W.2d at 23. Likewise, because summary judgment was proper on appellant's defamation claim, its claim for statutory libel must also fail. *See Renfro Drug Co. v. Lawson,* 138 Tex. 434, 160 S.W.2d 246, 249 (1942) (proof required to establish statutory libel is no different than proof necessary to establish common law libel); *Cain v. Hearst Corp.,* 878 S.W.2d 577, 582 (Tex. 1994) (qualified privilege against defamation exists at common law if it affects an important public interest); *Associated Press v. Walker,* 393 S.W.2d 671, 678 (Tex.

Civ.App.-Fort Worth 1965, writ ref'd n.r.e.) (fair comment or criticism privilege is well recognized by common law), *rev'd on other grounds,* 388 U.S. 130, 158, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967).

Further, appellees contended, in their supplemental motion for summary judgment, that they were entitled to judgment on appellant's business disparagement and tortious interference with prospective commercial relationships because the column was true, was privileged, and was published without malice. The fair comment or criticism privilege precludes recovery on these claims because it operates to negate an element of each of the claims. *See Forbes Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 170 (Tex.2003) (to recover on business disparagement claim, plaintiff must show (1) defendant published false and disparaging information about it; (2) with malice; (3) *without privilege;* (4) that resulted in special damages to the plaintiff); *COC Services, Ltd. v. CompUSA, Inc.,* 150 S.W.3d 654, 679 (Tex.App.-Dallas 2004, pet. filed) (to recover on tortious interference with a prospective business relationship claim, plaintiff must show (1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an *"independently tortious or unlawful act"* by defendant prevented the relationship from occurring; (3) defendant did such act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of his conduct; and (4) plaintiff suffered actual harm or damage as a result of defendant's interference). We overrule appellant's third and fourth issues. Having done so on procedural grounds, we need not address appellant's remaining issues regarding the trial court's evidentiary rulings.

Accordingly, we affirm the trial court's judgment.