NUMBER 13-06-240-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ELTON ADAMCEK, ET AL., Appellants,


v.
 


REYNOLDS METALS COMPANY, ET AL., Appellees.

 


On appeal from the 23rd District Court 


of Wharton County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides 


Memorandum Opinion by Justice Rodriguez






 

 Appellants, (1) in a consolidated lawsuit, brought various causes of action against
appellees, Reynolds Metals Company, Alcoa, Inc., RMC Extrusion, Inc., Bon L. Campo
Limited Partnership, Tredegar Corporation, and Whittaker Corporation, alleging property
damage, bodily injuries, and punitive damages. By one issue, appellants contend that the
trial court erred in granting a no-evidence summary judgment in favor of appellees because
they raised more than a scintilla of evidence that appellees damaged their property under
the theories of nuisance, negligence, and gross negligence. We affirm.

I. Background

 This consolidated lawsuit involving over 1,200 plaintiffs, including the ninety-seven
appellants, was filed after the discovery of groundwater contamination by a chemical called
Trichloroethylene (TCE) in an area southwest of El Campo, Wharton County, Texas. In
the lawsuit, appellants alleged that the TCE originated at an aluminum extrusion facility in
El Campo-owned and operated by one or more of the appellees and other entities at
various times. 

 On November 1, 2005, without stating the grounds, the trial court granted appellees'
various no-evidence motions for summary judgment. The trial court also granted
Tredegar's and Alcoa's motions for traditional summary judgment. On April 20, 2006, the
trial court ordered severance of the ninety-seven plaintiffs from the original case. (2) On
appeal from the severance, appellants challenge only the trial court's grant of the no-evidence summary judgments on their claims of nuisance, negligence, and gross
negligence. (3)

II. Tredegar's and Alcoa's Motions for Traditional Summary Judgment

 Appellants do not contend that the trial court erred in granting the motions for
traditional summary judgment filed by Tredegar and Alcoa. See Martinez v. El Paso
County, 218 S.W.3d 841, 845 (Tex. App.-El Paso 2007, pet. dism'd) (providing that when
we review a civil matter, we have "no discretion to consider an issue not raised in the
appellant's brief, even if the ends of justice so require."). On appeal, Tredegar and Alcoa
argue that the judgment in their favor should be affirmed on that ground. We agree and
affirm the trial court's granting of Tredegar's and Alcoa's motions for traditional summary
judgment. See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001) (affirming
summary judgment if any of movant's theories are meritorious when the trial court did not
specify the grounds it relied on for its ruling). III. Standard of Review

 Texas Rule of Civil Procedure 166a(i) provides that "a party without presenting
summary judgment evidence may move for summary judgment on the ground that there
is no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof." Tex. R. Civ. P. 166a(i). In order to avoid
the no-evidence summary judgment, the nonmovant must produce more than a scintilla
of probative evidence that raises an issue of material fact on each element challenged. 
Oasis Oil Corp. v. Koch Ref. Co., 60 S.W.3d 248, 252 (Tex. App.-Corpus Christi 2001, pet.
denied); see Tex. R. Civ. P. 166a(i); Mack Trucks v. Tamez, 206 S.W.3d 572, 582 (Tex.
2006). More than a scintilla of evidence exists when the evidence "rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions." Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). When reviewing a
no-evidence motion for summary judgment, we consider all of the evidence in the light
most favorable to the non-movant "crediting evidence favorable to that party if reasonable
jurors could, and disregarding contrary evidence unless reasonable jurors could not." City
of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005). We will affirm the summary
judgment if any of the movant's grounds are meritorious when the trial court has not
specified the ground or grounds it relied on for its ruling. Dow Chem. Co., 46 S.W.3d at
242.


IV. Discussion

 By their sole issue, appellants contend that the trial court erred in granting a no-evidence summary judgment in favor of appellees. Appellants assert that they raised more
than a scintilla of evidence for their claim that appellees damaged their property under
theories of nuisance, negligence, and gross negligence. (4)

A. Applicable Law

 "A 'nuisance' is a condition that substantially interferes with the use and enjoyment
of land by causing unreasonable discomfort or annoyance to persons of ordinary
sensibilities attempting to use and enjoy it." Holubec v. Brandenburger, 58 S.W.3d 201,
210 (Tex. App.-Austin 2001), rev'd on other grounds, 111 S.W.3d 32 (Tex. 2003). In order
to recover on a nuisance claim, the defendant must have generally engaged in one of three
kinds of activity: (1) intentional invasion of another's interests; (2) negligent invasion of
another's interest; or (3) other conduct, culpable because abnormal and out of place in its
surroundings, that invades another's interests. Aguilar v. Morales, 162 S.W.3d 825, 836
(Tex. App.-El Paso 2005, pet. denied). A nuisance may arise by causing (1) physical harm
to property, such as by the encroachment of a damaging substance or by the property's
destruction; (2) physical harm to a person on his property from an assault on his senses
or by other personal injury; and (3) emotional harm to a person from the deprivation of the
enjoyment of his property through fear, apprehension, or loss of peace of mind. Id.

 A claim of negligence requires that there is a legal duty owed to another, a breach
of that duty and damages proximately caused by the breach. D. Houston, Inc. v. Love, 92
S.W.3d 450, 454 (Tex. 2002). Ordinary negligence is elevated to gross negligence by "the
mental attitude of the defendant." Burk Royalty Co. v. Walls, 616 S.W.2d 911, 922 (Tex.
1981). A finding of gross negligence necessitates a finding of ordinary negligence. Shell
Oil Co. v. Humphrey, 880 S.W.2d 170, 174 (Tex. App.-Houston [14th Dist.] 1994, writ
denied).

B. Analysis

1. Identification of Specific Elements in No-Evidence Motion

 Appellants first complain that each of the no-evidence motions filed by appellees
should have been denied because they contained nothing more than conclusory
statements and general challenges to appellant's various claims. We disagree. Each no-evidence motion explicitly asserted that there was no evidence for each specific element
of appellants' causes of action for nuisance, negligence, and gross negligence. See
Johnson v. Felts, 140 S.W.3d 702, 706 (Tex. App.-Houston [14th Dist.] 2004, pet. denied)
(concluding that the no-evidence motion identified and addressed a specific element of
appellant's causes of action when appellee contended in her motion that there was no
evidence of causation). We conclude that appellees' no-evidence motions were not
conclusory and general; therefore, the trial court should not have denied the motions on
that basis. See Tex. R. Civ. P. 166a(i) cmt.



2. Nuisance

 By a broad contention, appellants also claim, without specific citation to the record
or authority, that more than a scintilla of evidence exists for their claim of nuisance. 
Appellants assert that they "produced sufficient evidence to demonstrate that their
individual properties [were] impacted and/or contaminated by TCE" through the affidavit
of their testifying expert, Thomas Prickett, who claims that he "demonstrated an additional
plume, which had its genesis in a leak from a sewer line." Appellees respond that the
affidavit (5) does not provide any evidence that any particular appellant had an interest that
was affected by the TCE contamination. We agree with appellees.

 In his affidavit, Prickett refers to a map that he alleges shows where the plaintiffs
listed in the Adamcek Amended Petition live. However, Prickett does not suggest that any
of the appellants own an interest in the property within the additional plume he
"demonstrated," and Prickett does not designate which properties or whose interests were
in fact affected by the TCE under his theory. At best, this evidence may have created a
mere suspicion that some of the appellants have an interest in the areas circled on the
map. This suspicion, however, does not rise "to a level that would enable reasonable and
fair-minded people to differ in their conclusions" that appellants' interests were in fact
impacted or contaminated by the TCE as they claim. See Merrell Dow Pharms., Inc., 953
S.W.2d at 711. Therefore, we cannot conclude that appellants produced more than a
scintilla of probative evidence that raised an issue of material fact, see Oasis Oil Corp., 60
S.W.3d at 252, that appellees engaged in intentional, negligent or other conduct that
amounted to an invasion of appellants' interests or caused physical harm to their property. 
See Aguilar, 162 S.W.3d at 836. Appellees' no-evidence motions for summary judgment
were properly granted with respect to appellants' claim of nuisance. See Dow Chem. Co.,
46 S.W.3d at 242.

3. Negligence

 Next, without citing to the record or providing any authority, appellants argue that
more than a scintilla of evidence exists for their claim of negligence on the elements of
duty, breach of duty, and damages. On appeal, however, appellants do not contend that
they produced more than a scintilla of evidence raising an issue of material fact regarding
the element of proximate causation. D. Houston, Inc., 92 S.W.3d at 454 (setting out the
elements of negligence as duty, breach, proximate cause, and damages). See id. By
failing to challenge the trial court's finding on proximate cause, appellants have waived any
error. See Dallas v. Dallas Morning News, L.P., 180 S.W.3d 921, 923 (Tex. App.-Dallas
2005, no pet.) ("If the appellant does not challenge one of the grounds for summary
judgment, the judgment may be affirmed on that ground alone."); see also Martinez, 218
S.W.3d at 844 ("When reviewing a civil matter, an appellate court has no discretion to
consider an issue not raised in the appellant's brief, even if the ends of justice require it."). 
Therefore, the trial court did not err in granting the no-evidence summary judgment in favor
of appellees on the basis that there was no evidence of proximate causation. See Dow
Chem. Co., 46 S.W.3d at 242. Moreover, because we have concluded that the trial court
properly granted the no-evidence summary judgments as to the negligence claim, there
could be no finding of gross negligence. See Shell Oil Co., 880 S.W.2d at 174; see also
Burk Royalty Co., 616 S.W.2d at 922.

4. Stigma Damages

 Appellants further contend, without citation to the record or authority, that the trial
court was incorrect in granting appellees' motions for summary judgment on their claims
for stigma damages. Because appellants, even after this Court requested re-briefing, have
not provided a clear and concise argument with citations to authority and the record on
their assertion of stigma damages, they have waived this argument. See Tex. R. App. P.
38.1(h).

 We overrule appellants' sole issue. See Dow Chem. Co., 46 S.W.3d at 242.

V. Conclusion

 We affirm the judgment of the trial court.

 


 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 24th day of April, 2008.
1. There are ninety-seven appellants: Elton and Helen Adamcek; Rosetta Anderson; John and Alven
Ashford; John Ashford, Jr.; Esther Ball; Eloise Barnes, individually and next friend of Janaysha Barnes; Vernon
Caesar III; Norisha Halloway and Sherpirice Halloway; Evelyn Barnes; Alice Baylor; Ella Mae Bell; Pearl
Bennett; Charlotte Brown; Eddie and Gertie Brown; Kevin Brown, individually and as next friend of T'Erra
Brown and KeVon Brown; Mary F. Brown; Niesha Brown; Darlene Callis; Annie Cash; McCoy Cash; Charles
and Violet Ceasar; Artie and Ruth Ellis; Lorenzo Ellis; Charlie and Jean Faniel; Lenwood Gibson; Nicole
Greely; Willie Green; Mary Hargrove; Zedrick Hargrove; Arjorie Haynes; Kathy Heard; Robert and Jessica
Hearse, individually and next friend of Keyyaria Roberts; Ora M. Henderson; Frank and Ruth Herring; Percilla
Howray; Arbodeen James; Martha Johnson; Karrie Jones; Andrew Kimble; Lee and Phyllis Kimble; Donald
Lily; Shanetta Malone; Aritha Marshall; Levan and Perlie Marshall; Georgia Miller; Melissa Miller; Lee Edward
Miller, Jr. and Bernice Terrell; A.D. Moore, Jr.; Ellen Parson; Freddie and Dinah Roberts; James and Minnie
Roberts; Nathaniel Roberts; T.L. Robinson; Ralaunie Self; Victor Simmons, Jr.; Bryan Sparks; Rosalind
Taylor; Frankie Terrell; Gwendolyn Terrell, individually and next friend of Whitney Terrell; Joamika Terrell,
individually and next friend of Camary McCowan; Mollie Terrell; Eloise Thompson; LaKeshia Thompson; Marie
Thompson; Thomas Thompson; Zula Thompson, individually and next friend of Jada Thompson; Dora
Vasquez; Helen Ward; Clara Washington; Geraldine Washington; Phyllis Washington, individually and next
friend of Troy Washington and Troyla Washington; Walter and Betty Washington; and Barbara Williams.
2. Plaintiffs, Delores and Martin Schnurpel, were not included in the trial court's order of severance,
but they are listed as appellants. Based on our review of the record, we conclude that they were listed as
appellants by mistake and are not parties to this appeal.
3. It appears that appellants mistakenly listed "trespass" instead of "gross negligence" in the title to their
substantive point of error and in their prayer. See Martinez v. El Paso County, 218 S.W.3d 841, 845 (Tex.
App.-El Paso 2007, pet. dism'd) (providing that when we review a civil matter, we have "no discretion to
consider an issue not raised in the appellant's brief, even if the ends of justice so require."). There is no other
mention, briefing, or support for trespass in their argument. To the extent that appellants attempt to argue
that the trial court erred in granting the no-evidence summary judgment in favor of appellees on their claim
of trespass, they have not provided a clear and concise argument with citations to authority and the record. 
Therefore, they have waived that argument. See Tex. R. App. P. 38.1(h). We note that this Court requested
and received re-briefing; however, appellants' amended brief offered no citations or arguments on a claim of
trespass.
4. Appellees argue that appellants' summary judgment evidence was incompetent. Appellants
respond that their summary judgement evidence was competent. For purposes of the analysis herein,
we assume, without deciding, that appellants summary judgment evidence was competent.
5. Appellees challenge the validity of Prickett's affidavit and identify it as a document. However, for
the purposes of the analysis, we will refer to it as an affidavit.