

# NUMBER 13-06-240-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ELTON ADAMCEK, ET AL.,                                   Appellants,

v.

REYNOLDS METALS COMPANY, ET AL.,                         Appellees.

---

On appeal from the 23rd District Court
of Wharton County, Texas.

---

# MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Benavides
Memorandum Opinion by Justice Rodriguez

Appellants,[1] in a consolidated lawsuit, brought various causes of action against appellees, Reynolds Metals Company, Alcoa, Inc., RMC Extrusion, Inc., Bon L. Campo Limited Partnership, Tredegar Corporation, and Whittaker Corporation, alleging property damage, bodily injuries, and punitive damages. By one issue, appellants contend that the trial court erred in granting a no-evidence summary judgment in favor of appellees because they raised more than a scintilla of evidence that appellees damaged their property under the theories of nuisance, negligence, and gross negligence. We affirm.

## I. Background

This consolidated lawsuit involving over 1,200 plaintiffs, including the ninety-seven appellants, was filed after the discovery of groundwater contamination by a chemical called Trichloroethylene (TCE) in an area southwest of El Campo, Wharton County, Texas. In the lawsuit, appellants alleged that the TCE originated at an aluminum extrusion facility in El Campo–owned and operated by one or more of the appellees and other entities at various times.

---

[1] There are ninety-seven appellants: Elton and Helen Adamcek; Rosetta Anderson; John and Alven Ashford; John Ashford, Jr.; Esther Ball; Eloise Barnes, individually and next friend of Janaysha Barnes; Vernon Caesar III; Norisha Halloway and Sherpirice Halloway; Evelyn Barnes; Alice Baylor; Ella Mae Bell; Pearl Bennett; Charlotte Brown; Eddie and Gertie Brown; Kevin Brown, individually and as next friend of T'Erra Brown and KeVon Brown; Mary F. Brown; Niesha Brown; Darlene Callis; Annie Cash; McCoy Cash; Charles and Violet Ceasar; Artie and Ruth Ellis; Lorenzo Ellis; Charlie and Jean Faniel; Lenwood Gibson; Nicole Greely; Willie Green; Mary Hargrove; Zedrick Hargrove; Arjorie Haynes; Kathy Heard; Robert and Jessica Hearse, individually and next friend of Keyyaria Roberts; Ora M. Henderson; Frank and Ruth Herring; Percilla Howray; Arbodeen James; Martha Johnson; Karrie Jones; Andrew Kimble; Lee and Phyllis Kimble; Donald Lily; Shanetta Malone; Aritha Marshall; Levan and Perlie Marshall; Georgia Miller; Melissa Miller; Lee Edward Miller, Jr. and Bernice Terrell; A.D. Moore, Jr.; Ellen Parson; Freddie and Dinah Roberts; James and Minnie Roberts; Nathaniel Roberts; T.L. Robinson; Ralaunie Self; Victor Simmons, Jr.; Bryan Sparks; Rosalind Taylor; Frankie Terrell; Gwendolyn Terrell, individually and next friend of Whitney Terrell; Joamika Terrell, individually and next friend of Camary McCowan; Mollie Terrell; Eloise Thompson; LaKeshia Thompson; Marie Thompson; Thomas Thompson; Zula Thompson, individually and next friend of Jada Thompson; Dora Vasquez; Helen Ward; Clara Washington; Geraldine Washington; Phyllis Washington, individually and next friend of Troy Washington and Troyla Washington; Walter and Betty Washington; and Barbara Williams.

On November 1, 2005, without stating the grounds, the trial court granted appellees' various no-evidence motions for summary judgment. The trial court also granted Tredegar's and Alcoa's motions for traditional summary judgment. On April 20, 2006, the trial court ordered severance of the ninety-seven plaintiffs from the original case.[2] On appeal from the severance, appellants challenge only the trial court's grant of the no-evidence summary judgments on their claims of nuisance, negligence, and gross negligence.[3]

## II. Tredegar's and Alcoa's Motions for Traditional Summary Judgment

Appellants do not contend that the trial court erred in granting the motions for traditional summary judgment filed by Tredegar and Alcoa. *See Martinez v. El Paso County*, 218 S.W.3d 841, 845 (Tex. App.–El Paso 2007, pet. dism'd) (providing that when we review a civil matter, we have "no discretion to consider an issue not raised in the appellant's brief, even if the ends of justice so require."). On appeal, Tredegar and Alcoa argue that the judgment in their favor should be affirmed on that ground. We agree and affirm the trial court's granting of Tredegar's and Alcoa's motions for traditional summary judgment. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (affirming

---

[2] Plaintiffs, Delores and Martin Schnurpel, were not included in the trial court's order of severance, but they are listed as appellants. Based on our review of the record, we conclude that they were listed as appellants by mistake and are not parties to this appeal.

[3] It appears that appellants mistakenly listed "trespass" instead of "gross negligence" in the title to their substantive point of error and in their prayer. *See Martinez v. El Paso County*, 218 S.W.3d 841, 845 (Tex. App.–El Paso 2007, pet. dism'd) (providing that when we review a civil matter, we have "no discretion to consider an issue not raised in the appellant's brief, even if the ends of justice so require."). There is no other mention, briefing, or support for trespass in their argument. To the extent that appellants attempt to argue that the trial court erred in granting the no-evidence summary judgment in favor of appellees on their claim of trespass, they have not provided a clear and concise argument with citations to authority and the record. Therefore, they have waived that argument. *See* TEX. R. APP. P. 38.1(h). We note that this Court requested and received re-briefing; however, appellants' amended brief offered no citations or arguments on a claim of trespass.

summary judgment if any of movant's theories are meritorious when the trial court did not specify the grounds it relied on for its ruling).

### III.  Standard of Review

Texas Rule of Civil Procedure 166a(i) provides that "a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof." TEX. R. CIV. P. 166a(i).  In order to avoid the no-evidence summary judgment, the nonmovant must produce more than a scintilla of probative evidence that raises an issue of material fact on each element challenged. *Oasis Oil Corp. v. Koch Ref. Co.*, 60 S.W.3d 248, 252 (Tex. App.–Corpus Christi 2001, pet. denied); *see* TEX. R. CIV. P. 166a(i); *Mack Trucks v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).  More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).  When reviewing a no-evidence motion for summary judgment, we consider all of the evidence in the light most favorable to the non-movant "crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).  We will affirm the summary judgment if any of the movant's grounds are meritorious when the trial court has not specified the ground or grounds it relied on for its ruling. *Dow Chem. Co.*, 46 S.W.3d at 242.

4

IV. Discussion

By their sole issue, appellants contend that the trial court erred in granting a no-evidence summary judgment in favor of appellees. Appellants assert that they raised more than a scintilla of evidence for their claim that appellees damaged their property under theories of nuisance, negligence, and gross negligence.[4]

A. Applicable Law

"A 'nuisance' is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Holubec v. Brandenburger*, 58 S.W.3d 201, 210 (Tex. App.–Austin 2001), *rev'd on other grounds*, 111 S.W.3d 32 (Tex. 2003). In order to recover on a nuisance claim, the defendant must have generally engaged in one of three kinds of activity: (1) intentional invasion of another's interests; (2) negligent invasion of another's interest; or (3) other conduct, culpable because abnormal and out of place in its surroundings, that invades another's interests. *Aguilar v. Morales*, 162 S.W.3d 825, 836 (Tex. App.–El Paso 2005, pet. denied). A nuisance may arise by causing (1) physical harm to property, such as by the encroachment of a damaging substance or by the property's destruction; (2) physical harm to a person on his property from an assault on his senses or by other personal injury; and (3) emotional harm to a person from the deprivation of the enjoyment of his property through fear, apprehension, or loss of peace of mind. *Id.*

---

[4] Appellees argue that appellants' summary judgment evidence was incompetent. Appellants respond that their summary judgement evidence was competent. For purposes of the analysis herein, we assume, without deciding, that appellants summary judgment evidence was competent.

A claim of negligence requires that there is a legal duty owed to another, a breach of that duty and damages proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Ordinary negligence is elevated to gross negligence by "the mental attitude of the defendant." *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex. 1981). A finding of gross negligence necessitates a finding of ordinary negligence. *Shell Oil Co. v. Humphrey*, 880 S.W.2d 170, 174 (Tex. App.–Houston [14th Dist.] 1994, writ denied).

## B. Analysis

### 1. Identification of Specific Elements in No-Evidence Motion

Appellants first complain that each of the no-evidence motions filed by appellees should have been denied because they contained nothing more than conclusory statements and general challenges to appellant's various claims. We disagree. Each no-evidence motion explicitly asserted that there was no evidence for each specific element of appellants' causes of action for nuisance, negligence, and gross negligence. *See Johnson v. Felts*, 140 S.W.3d 702, 706 (Tex. App.–Houston [14th Dist.] 2004, pet. denied) (concluding that the no-evidence motion identified and addressed a specific element of appellant's causes of action when appellee contended in her motion that there was no evidence of causation). We conclude that appellees' no-evidence motions were not conclusory and general; therefore, the trial court should not have denied the motions on that basis. *See* TEX. R. CIV. P. 166a(i) cmt.

## 2. Nuisance

By a broad contention, appellants also claim, without specific citation to the record or authority, that more than a scintilla of evidence exists for their claim of nuisance. Appellants assert that they "produced sufficient evidence to demonstrate that their individual properties [were] impacted and/or contaminated by TCE" through the affidavit of their testifying expert, Thomas Prickett, who claims that he "demonstrated an additional plume, which had its genesis in a leak from a sewer line." Appellees respond that the affidavit [5] does not provide any evidence that any particular appellant had an interest that was affected by the TCE contamination. We agree with appellees.

In his affidavit, Prickett refers to a map that he alleges shows where the plaintiffs listed in the Adamcek Amended Petition live. However, Prickett does not suggest that any of the appellants own an interest in the property within the additional plume he "demonstrated," and Prickett does not designate which properties or whose interests were in fact affected by the TCE under his theory. At best, this evidence may have created a mere suspicion that some of the appellants have an interest in the areas circled on the map. This suspicion, however, does not rise "to a level that would enable reasonable and fair-minded people to differ in their conclusions" that appellants' interests were in fact impacted or contaminated by the TCE as they claim. *See Merrell Dow Pharms., Inc.,* 953 S.W.2d at 711. Therefore, we cannot conclude that appellants produced more than a scintilla of probative evidence that raised an issue of material fact, *see Oasis Oil Corp.*, 60

---

[5] Appellees challenge the validity of Prickett's affidavit and identify it as a document. However, for the purposes of the analysis, we will refer to it as an affidavit.

S.W.3d at 252, that appellees engaged in intentional, negligent or other conduct that amounted to an invasion of appellants' interests or caused physical harm to their property. *See Aguilar*, 162 S.W.3d at 836.  Appellees' no-evidence motions for summary judgment were properly granted with respect to appellants' claim of nuisance.  *See Dow Chem. Co.*, 46 S.W.3d at 242.

### 3.  Negligence

Next, without citing to the record or providing any authority, appellants argue that more than a scintilla of evidence exists for their claim of negligence on the elements of duty, breach of duty, and damages.  On appeal, however, appellants do not contend that they produced more than a scintilla of evidence raising an issue of material fact regarding the element of proximate causation.  *D. Houston, Inc.*, 92 S.W.3d at 454 (setting out the elements of negligence as duty, breach, proximate cause, and damages).  *See id*.  By failing to challenge the trial court's finding on proximate cause, appellants have waived any error.  *See Dallas v. Dallas Morning News, L.P.*, 180 S.W.3d 921, 923 (Tex. App.–Dallas 2005, no pet.) ("If the appellant does not challenge one of the grounds for summary judgment, the judgment may be affirmed on that ground alone."); *see also Martinez*, 218 S.W.3d at 844 ("When reviewing a civil matter, an appellate court has no discretion to consider an issue not raised in the appellant's brief, even if the ends of justice require it.").  Therefore, the trial court did not err in granting the no-evidence summary judgment in favor of appellees on the basis that there was no evidence of proximate causation.  *See Dow Chem. Co.*, 46 S.W.3d at 242.  Moreover, because we have concluded that the trial court properly granted the no-evidence summary judgments as to the negligence claim, there

could be no finding of gross negligence. *See Shell Oil Co.*, 880 S.W.2d at 174; *see also Burk Royalty Co.*, 616 S.W.2d at 922.

### 4. Stigma Damages

Appellants further contend, without citation to the record or authority, that the trial court was incorrect in granting appellees' motions for summary judgment on their claims for stigma damages. Because appellants, even after this Court requested re-briefing, have not provided a clear and concise argument with citations to authority and the record on their assertion of stigma damages, they have waived this argument. *See* TEX. R. APP. P. 38.1(h).

We overrule appellants' sole issue. *See Dow Chem. Co.*, 46 S.W.3d at 242.

### V. Conclusion

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 24th day of April, 2008.