**Opinion issued February 24, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00480-CV

_____

## ROBERT PRIMO, Appellant

## V.

## BENITO Y. GARZA AND BRIAR GREEN
## CONDOMINIUM ASSOCIATION, Appellees

---

On Appeal from the 270th District Court
Harris County, Texas
Trial Court Case No. 2011-66011

---

## MEMORANDUM OPINION

Robert Primo brought this suit to challenge the validity of an agreement

between Briar Green Condominium Association and Benito Y. Garza, settling

Garza's wrongful foreclosure suit.  Among other settlement terms, Briar Green

agreed to waive Garza's obligation to pay condominium maintenance fees for a period of two years.

After Garza and Briar Green settled, Primo brought this suit, contesting the Association's right to agree to such a waiver. He sought a declaration that the settlement agreement with Garza was invalid. Briar Green and Garza jointly countered with their own claim for a declaration that Primo had no legal right to complain of the settlement. The parties moved for summary judgment on their competing claims. The trial court denied Primo's motion and granted Briar Green and Garza's motion on the specific ground that Primo lacked the authority to challenge the settlement agreement. We affirm.

## Background

In October 2008, Garza and Briar Green entered into a settlement agreement to resolve a lawsuit styled *Benito Garza v. Robert M. Primo and Briar Green Condominium Association*, Cause No. 2007-61484, in the 270th District Court of Harris County, Texas.[1] Garza initially named Primo as a party to that wrongful foreclosure suit because he was serving as a director, officer, and registered agent

---

[1] Primo has brought numerous legal claims against Briar Grove Condominium Association, its insurers, its lawyers, and its individual directors in Harris County, including in *Primo v. Briar Grove Condominium Association*, No. 2009-47368, in the 281st District Court; *Primo v. Briar Grove Condominium Association*, No. 2011-34420, in the 281st District Court; *Robert Primo v. Berka*, No. 2011-62308, in the 281st District Court; *Travelers Insurance Co. v. Primo*, No. 2011-64653, in the 281st District Court; and *Primo v. Porter & Hedges, L.L.P.*, No. 2013-17079, in the 269th District Court.

2

of Briar Green at the time. By the time the parties executed the settlement agreement, however, Primo no longer held any position of authority with Briar Green. Garza dismissed his claims against Primo with prejudice as part of the 2008 settlement agreement, but Primo was not a party to the settlement. Briar Green's board of directors approved and agreed to the settlement's terms.

Although no longer an association officer or agent, Primo remained a fellow unit owner in Briar Green. He brought this suit in 2011, seeking to invalidate the 2008 settlement agreement.

## Discussion

### *Standard of review*

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A party moving for traditional summary judgment must establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003).

Where, as here, the trial court specifies the ground on which the motion for summary judgment was granted, we consider whether the trial court correctly granted summary judgment on that basis. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). We may also consider, in the interest of judicial economy, other grounds preserved for appellate review that the trial court did not

rule on. If the appellant does not challenge one of the potential grounds for summary judgment, we may affirm the judgment on that ground alone. *Humane Soc'y of Dallas v. Dallas Morning News, L.P.*, 180 S.W.3d 921, 923 (Tex. App.—Dallas 2005, no pet.).

*Settlement authority*

Briar Green and Garza sought summary judgment against Primo's claim based on a provision of the Uniform Condominium Act, as adopted by the Texas Legislature. The Act declares that a condominium unit owner's association, acting through its board, may "institute, defend, intervene in, settle or compromise litigation or administrative proceedings in its own name, on behalf of itself or two or more unit owners, on matters affecting the condominium." TEX. PROP. CODE ANN. § 82.102(a)(4) (West 2014).

The undisputed evidence shows that the Briar Green Association Board acted within its authority in settling Garza's claims. Primo raises no issue of fact disputing that the board lacked authority to compromise the suit, or that it did not authorize the settlement. Primo does not point to any authority suggesting that an individual unit owner may collaterally attack a settlement agreement duly approved and executed by the condominium owner's association. Nor does he identify any procedural or substantive irregularity that would justify re-examination of Texas's strong policy favoring settlement agreements or the

4

Legislature's determination that a condominium association's board should possess the authority to settle disputes against it. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011) (discussing Texas's strong policy favoring settlements) (citing *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 60 (Tex. 2008)). We hold that the trial court properly granted summary judgment in favor of Briar Green and Garza.

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.